

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 SEP 13  AM 10: 29

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

PJM: USAO2018R00136

FO 6 8 17 18

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** *ELH-18-0474* |
| | : | |
| | : | |
| **v.** | : | **(False Statements, 18 U.S.C. §** |
| | : | **1001)** |
| | : | |
| **TODD ANDREW LEASURE,** | : | |
| | : | |
| **Defendant.** | : | |

...ooOoo...

## INFORMATION

### COUNT 1
### (False Statements)

The United States Attorney for the District of Maryland charges that at all times relevant to this Information:

1.      The National Security Agency ("NSA") was a component of the United States Department of Defense, which was part of the executive branch of the United States government.

2.      The NSA contracted with an outside company ("Contractor A") for the provision of information technology services, including onsite database administrators employed by Contractor A.

3.      Defendant **TODD ANDREW LEASURE** was a resident of Orlando, Florida. From in or about February 2014 to in or about February 2017, **LEASURE** was employed on a full-time basis by Contractor A to work as a database administrator pursuant to the contract between the NSA and Contractor A ("the Services Contract"). **LEASURE's** duty station with respect to the Services Contract was Friendship Annex Building 3, an NSA facility located in Linthicum Heights, Maryland. **LEASURE** routinely traveled from Florida to Maryland to perform his responsibilities under the Services Contract.

4.     Contractor A required **LEASURE** to submit timesheets in electronic form. In those timesheets, **LEASURE** was required to provide date- and task-specific entries stating the number of hours he had worked on the Services Contract. Based on those entries, Contractor A periodically invoiced the NSA for the hours that **LEASURE** claimed to have worked.

5.     The NSA paid Contractor A between $247 and $280 per hour for the hours that **LEASURE** claimed to have worked under the Services Contract.

6.     From on or about February 3, 2014 to on or about February 17, 2017, **LEASURE** submitted, and caused to be submitted, false timesheets to Contractor A in which he claimed to have worked 1,533 hours more than he had actually worked on the Services Contract. The timesheets included entries for 33 separate days in which **LEASURE** represented that he had worked an average of 6.9 hours when, in fact, he had not worked at all on those days. Contractor A, in turn, submitted invoices to the NSA for all of the hours that **LEASURE** claimed to have worked, but in fact, had not worked on the Services Contract.

7.     Based on the invoices that Contractor A submitted to the NSA for the hours that **LEASURE** claimed to have worked, but in fact, had not worked on the Services Contract, the NSA overpaid Contractor A by at least $250,000.

### The False Statement

8.     In or about October and November 2015, in the District of Maryland,

### TODD ANDREW LEASURE,

the Defendant herein, knowingly and willfully, in a matter within the jurisdiction of the NSA, made materially false, fictitious and fraudulent statements and representations, in that he submitted a timesheet to Contractor A in which he claimed to have worked 30 hours on the Services Contract between October 27 and October 29, 2015, when as he then well knew, he had not worked on the Services Contract for such hours.

18 U.S.C. § 1001

Robert K. Hur _PJH_

ROBERT K. HUR
United States Attorney

9/13/0018
Date